UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 11-125-HRW

DEJUAN CARNES,                                                          PLAINTIFF,

v.                       **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on March 17, 2009, alleging disability beginning on November 8, 2007, due to "carpal tunnel in hands, high blood pressure [and] arthritis" (Tr. 166). This application was denied initially and on reconsideration (Tr. 104-107, 108-110).

On January 6, 2010, an administrative hearing was conducted by Administrative Law Judge William C. Zuber (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Jo Ann Bullard, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 1, 2010, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-19).

Plaintiff was 51 years old at the time of the hearing decision. She has a high school education and past relevant work as a school bus driver (Tr. 65).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 15).

The ALJ then determined, at Step 2, that Plaintiff suffers from bilateral carpal tunnel syndrome, degenerative disc disease of the lumbar spine and obesity, which he found to be "severe" within the meaning of the Regulations (Tr. 15-16).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 16). In doing so, the ALJ specifically considered listings 1.02B and 1.04 (Tr. 16).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 18) but determined that she has the residual functional capacity ("RFC") to perform "light work" with certain exceptions, as set forth n the hearing decision (Tr. 16-17).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies (Tr. 18-19).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 8, 2011 (Tr. 1-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment.

### III. ANALYSIS

#### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

4

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff contends that the ALJ erred by improperly evaluating the opinion of her treating physician, Talmadge Hays, M.D. It would appear that Plaintiff is asserting the importance of A July 2, 2009 evaluation completed by Dr. Hays in which he opined that Plaintiff could stand for 1 per day, sit for 2 hours per day, lift no more than 10 pounds and would likely miss 10-15 days of work per month due to her impairments (Tr. 393). In sum, Dr. Hays opined that Plaintiff's impairments would preclude work activity.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

5

The ALJ considered Dr. Hays' evaluation but gave it little weight. The Court finds no error in this regard. First, the subject evaluation was a check-the-box form devoid of analysis. In addition, there are no references to clinical or diagnostic findings which would support such dire physical limitation. Moreover, Dr. Hays' own treatment notes are inconsistent with his highly restrictive assessment (Tr. 335-336). Finally, there are no other opinions or treatment notes of record which support Dr. Hays' assessment. Therefore, the ALJ did not err in discounting Dr. Hays' opinion.

Plaintiff asserts additional errors in support of her motion but offers no argument in support of them.

" Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (citations omitted); *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

The United States Court of Appeals for the Sixth Circuit has
> decline[d] to formulate arguments on [a claimant's]

> behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in [his/her] brief on appeal.

*Hollon ex rel. Hollan v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir. 2006).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 23rd day of April, 2012.



Henry R. Wilhoit, Jr., Senior Judge